### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, successor by merger to ESSEX INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>MEGA CONSTRUCTION CO., INC., JESUS GALARZA, and JOSHUA P. MYRICK, as Administrator of the ESTATE OF FEDERICO RUIZ, deceased,<br><br>        Defendants. | Case No. 1:19-cv-81 |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Evanston Insurance Company ("Evanston"), successor by merger to Essex Insurance Company ("Essex"), brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201(a), and, in support, states as follows:

### NATURE OF THE ACTION

1. Essex issued to Mega Construction Company, Inc. ("Mega Construction") Policy No. 3DJ9678, effective October 26, 2012, to October 26, 2013 (the "Essex Policy"). A bates–stamped copy of the Essex Policy is attached as Exhibit A.

2. This is an insurance coverage dispute arising out of the Essex Policy. Evanston seeks a declaration that it has no duty to defend or indemnify Mega Construction or Jesus Galarza ("Galarza") against a lawsuit styled *Joshua P. Myrick, as Administrator of the Estate of Federico Ruiz, deceased, v. D.R. Horton, Inc. – Birmingham; Mega Construction Co., Inc.; Loxley Framing, Inc.; Galarza Olmedo Construction, Inc.; Jesus Galarza; Luis Bueno Martinez, et al.*, Case

No. CV-2015-901191 in the Circuit Court of Baldwin County, Alabama (the "underlying lawsuit").

## PARTIES, JURISDICTION, AND VENUE

3. Evanston is an Illinois insurance company with its principal place of business in Deerfield, Illinois.

4. Mega Construction is incorporated under the laws of Alabama and maintains its principal place of business in Robertsdale, Alabama.

5. Galarza is a resident of Baldwin County, Alabama, and is the owner of Mega Construction.

6. Joshua P. Myrick is the Administrator of the Estate of Federico Ruiz (collectively, the "Estate"), who was a resident of Alabama at the time of his death. The Estate is named as a defendant in this lawsuit as an indispensable party only.

7. An actual controversy exists between the parties regarding the nature and extent of Evanston's obligations, if any, to Mega Construction and Galarza with respect to the underlying lawsuit.

8. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1)–(2), because the amount in controversy exceeds $75,000 and Evanston is a citizen of a different state than all defendants.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Mega Construction maintains its principal place of business in this district, Galarza is a resident in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**BACKGROUND**

10. Mega Construction is a construction contractor based in Robertsdale, Alabama.

11. On September 25, 2015, the Estate filed the underlying lawsuit against Mega Construction and others in the Circuit Court of Baldwin County, Alabama.

12. The Estate filed a Second Amended Complaint in the underlying lawsuit on November 14, 2017. The Second Amended Complaint is attached as Exhibit B.

13. The underlying lawsuit alleges that Mega Construction was the general contractor for the building of a one-story residential home located at 12439 Cressida Loop, Lot 6 in the Dorsey Woods Subdivision in Daphne, Alabama (the "subject home").

14. The underlying lawsuit alleges that on September 29, 2013, Federico Ruiz was nailing roof shingles with his pneumatic roof nail gun when he reached out to stop a sliding bundle of shingles on the roof, lost his balance, and slid backwards down the roof slope, over the roof edge, and onto the ground below.

15. The underlying lawsuit alleges that Mr. Ruiz fell approximately 13 1/2 feet from the roof and sustained blunt force trauma that ultimately led to his death.

16. The underlying lawsuit alleges, among other things, that Mega Construction and other defendants failed to provide, install, or verify the existence of permanent tie-offs for Mr. Ruiz to use with his fall protection system, failed to provide or verify the existence of a fall protection system, failed to properly anchor lifelines for the fall protection system, and did not implement or enforce a fall protection system.

17. The underlying lawsuit asserts four counts against Mega Construction and Galarza, alongside other defendants, for payments under the Alabama Worker's Compensation Act and for

negligence and wantonness. In addition, the underlying lawsuit asserts other counts against the other defendants.

18. On February 4, 2019, the Estate filed a motion for entry of a consent judgment against Mega Construction pursuant to a Covenant Not to Execute, Collect and/or Enroll Judgment, Assignment, and Settlement Agreement. A copy of the motion for entry of consent judgment is attached as Exhibit C.

19. A January 24, 2019 letter from counsel for Mega Construction and Galarza states that the consent judgment will be for $1.5 million against Mega Construction and in favor of the Estate. A copy of the letter is attached as Exhibit D.

20. The Essex Policy provides "Bodily Injury" and "Property Damage" Liability coverage pursuant to the following insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\*   \*   \*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

\*   \*   \*

Ex. A at EIC000016.

# COUNT I
# DECLARATORY RELIEF
### Subcontractor Employee Exclusion

21. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

22. The Essex Policy includes a Combination Construction Related Endorsement that, in relevant part, adds the following Exclusion to Section **1**, item **2**, Exclusions:

> **1.** The coverage under this policy does not apply to "bodily injury" … or any injury, loss or damage:
>
> \*   \*   \*
>
> **(e)** Arising out of, caused or contributed to by any injury sustained by any contractor, self-employed contractor, and/or subcontractor, or any "employee", "leased worker", contract worker, "temporary worker" or "volunteer worker" of same hired by you or on your behalf. This exclusion applies to any obligation to share damages with or repay someone else who must pay damages because of the injury, as well as liability assumed under any "insured contract."
>
> \*   \*   \*

(the "Subcontractor Employee Exclusion"), Ex. A at EIC000040.

23. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

24. The underlying lawsuit alleges that Mr. Ruiz contracted to perform roofing on the subject home.

25. The underlying lawsuit alleges that Mega Construction contracted with Luis Bueno Martinez as a subcontractor and that Mr. Martinez contracted with Mr. Ruiz.

26. The underlying lawsuit alleges that Mr. Ruiz was an employee or a contract worker of a contractor, self-employed contractor, and/or subcontractor hired by Mega Construction or on Mega Construction's behalf.

27. The Subcontractor Employee Exclusion applies to preclude coverage for Mr. Ruiz's injuries and death arising out of, caused or contributed to by any injury sustained by any contractor, self-employed contractor, and/or subcontractor, or any "employee," "leased worker," contract worker, "temporary worker" or "volunteer worker" of same hired by Mega Construction, or on its behalf.

28. Mega Construction and/or Galarza may be found to be obligated to share damages with or repay D.R. Horton, Inc. – Birmingham, or someone else, who may pay damages because of Mr. Ruiz's injury, as alleged in the underlying lawsuit.

29. The Subcontractor Employee Exclusion also applies to preclude coverage for any obligation to share damages with or repay someone else who must pay damages because of the injury.

30. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT II
## DECLARATORY RELIEF
### Employer's Liability Exclusion

31. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

32. The Essex Policy includes a Combination General Endorsement that, in relevant part, replaces Section **1** – Coverages, Item, **2.** Exclusion **e**., Employer's Liability, as follows:

  **2.** Section **I** – Coverages, Item, **2**. Exclusion **e**., Employer's Liability, is replaced by the following and applies throughout this policy:

   **e.** This insurance does not apply to liability for "bodily injury" to:

    **(1)** An "employee" of any insured arising out of and in the course of employment or while performing duties related to the conduct of an insured's business; or

    **(2)** Any injury or damage to any other person including but not limited to spouse, child, parent, brother, sister or relative of the "employee" as a consequence of **(1)** above.

   This exclusion applies whether an insured may be liable as an employer or in any other capacity and applies to any obligations to share damages with or repay someone else who must pay damages because of the injury, as well as liability assumed under any "insured contract." Wherever the word "employee" appears above, it shall also mean any member, associate, co-employee, "leased worker," casual worker, "temporary worker", union worker, "volunteer worker", or any person or persons loaned to or volunteering services to you.

    \*  \*  \*

(the "Employer's Liability Exclusion"), Ex. A at EIC000044.

  33. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

  34. The underlying lawsuit alleges that Mr. Ruiz was an employee of Mega Construction and/or Galarza and/or others.

  35. The underlying lawsuit alleges that Mr. Ruiz's injuries and death arise out of and in the course of employment or while performing duties related to the conduct of Mega Construction's, Galarza's, or an insured's business.

36. To the extent Mr. Ruiz was an employee of Mega Construction, Galarza, or any insured, the Employer's Liability Exclusion precludes coverage for Mr. Ruiz's injuries and death, and for any injury or damage to any other person as a consequence of Mr. Ruiz's injuries and death.

37. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT III
## DECLARATORY RELIEF
### Classification Limitation

38. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

39. The Essex Policy includes a Classification Limitation Endorsement that provides, in relevant part, as follows:

**CLASSIFICATION LIMITATION ENDORSEMENT**

\*   \*   \*

> The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company and described under the "description" or "classification" on the declarations of the policy.

\*   \*   \*

(the "Classification Limitation"), Ex. A at EIC000039.

40. The Essex Policy includes Common Policy Declarations (Form No. MDIL 1000 08 11) that describes Mega Construction's "Business Description" as "Framing Contractor." Ex. A at EIC000007.

41. The Essex Policy includes Commercial General Liability Coverage Part Declarations (Form No. MDGL 1008 08 11) that describes Mega Construction's "Classification" as "Carpentry – Construction of Residential Not Exceeding 3 Stories." Ex. A at EIC000012.

42. The Essex Policy includes Section **IV** – Conditions, Item **6. Representations** that provides as follows:

> **6.    Representations**
>
> By accepting this policy, you agree:
>
> **a.**   The statements in the Declarations are accurate and complete;
>
> **b.**   Those statements are based upon representations you made to us; and
>
> **c.**   We have issued this policy in reliance upon your representations.

Ex. A at EIC000027.

43. When applying for the Essex Policy, Mega Construction completed and signed a Commercial Insurance Application that included a Contractor's Supplemental Application (the "Application").

44. Mega Construction's Application was completed by, on behalf of, and at the direction of Mega Construction's authorized representative(s), including its owner, Galarza.

45. A bates-stamped copy of the Application is attached as Exhibit E.

46. The Application's "Description of Operations" section describes Mega Construction's operations as "Framer." Ex. E at EIC000071.

47. The Application's "Nature of Business" section, "Description of Primary Operations" sub-section describes Mega Construction's operations as "Residential Framing 1 to 2 Stories." Ex. E at EIC000071.

48. The Application's "Schedule of Hazards" section describes Mega Construction's operations as "Framing Contractor." Ex. E at EIC000074.

49. The Application's "Products/Completed Operations" section describes Mega Construction's operations as "Residential Framer." Ex. E at EIC000075.

50. The Application's Contractor's Supplemental Application section, Item 9 describes Mega Construction's operations as "Residential 100%" and "Other: Framer 100%." Ex. E at EIC000079.

51. The Application's Contractor's Supplemental Application section, Item 26. question "Have you in the past or do you plan any repair, replace or new roofs?" is responded to with a check mark in the "No" box. Ex. E. at EIC000081.

52. The Application's Contractor's Supplemental Application section, Item 28 contains an instruction to "Complete the following table as applicable," to which only the "Carpentry – Other" row is completed along with a related employee payroll notation. Ex. E at EIC000081.

53. The response to the Application's Contractor's Supplemental Application section, Item 28 further crosses out and does not include any payroll or other response to the second page of the table, which is the portion that includes the Classes "Roofing – Residential" and "Roofing – Commercial." Ex. E at EIC000082.

54. On October 25, 2012, Galarza signed the Application as "owner" of Mega Construction. Ex. E at EIC000082.

55. In April 2012, Galarza signed an Alabama Independent Contractor Agreement with D.R. Horton – Birmingham (the "Contractor Agreement").

56. A copy of the Contractor Agreement is attached as Exhibit F.

57. The Contractor Agreement applied to Mega Construction's work at the Dorsey Wood Subdivision in Daphne, Alabama.

58. The Contractor Agreement applied to Mega Construction's work at 12439 Cressida Loop Lot 6 in the Dorsey Wood Subdivision in Daphne, Alabama.

59. The Contractor Agreement included Exhibit A titled "Roofing Labor." Ex. F at EIC000089.

60. The "Roofing Labor" Exhibit to the Contractor Agreement provided: "Contractor will the [sic] labor and material (with the exception of the shingles and ridge vent) necessary to complete the roofing phase." Ex. F at EIC000089.

61. D.R. Horton, Inc. – Birmingham issued one or more purchase orders to Mega Construction for "Roofing Labor" for work at 12439 Cressida Loop Lot 6 in the Dorsey Wood Subdivision in Daphne, Alabama.

62. D.R. Horton, Inc. – Birmingham and/or D.R. Horton – Mobile issued Purchase Order No. 200094 ON dated June 13, 2013 to Mega Construction for "Roofing Labor" at 12439 Cressida Loop, in the Dorsey Woods Subdivision in Daphne, Alabama. A copy of the Purchase Order is attached as Exhibit G.

63. D.R. Horton, Inc. – Birmingham and/or D.R. Horton – Mobile issued Purchase Order No. 200601 ON dated October 17, 2013 to Mega Construction for "Roofing Labor" at 12439 Cressida Loop, in the Dorsey Woods Subdivision in Daphne, Alabama. A copy of the Purchase Order is attached as Exhibit H.

64. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

65. The underlying lawsuit alleges that Mr. Ruiz's injuries and death were the result of Mr. Ruiz's fall on September 29, 2013 while Mr. Ruiz nailed roof shingles and performed roof related activities at 12439 Cressida Loop, in the Dorsey Woods Subdivision in Daphne, Alabama.

66. Mega Construction's Application to Essex did not specify Mega Construction's operations relating to installation of roof shingles.

67. Mega Construction's Application to Essex did not specify Mega Construction's operations relating to roofing activities.

68. Mega Construction's Application to Essex only specify Mega Construction's operations as framer, framing, and carpentry – other.

69. The Essex Policy's Declarations do not describe roofing activities under the "description" or "classification" sections.

70. The Essex Policy's Declarations only specify Mega Construction's description as framing contractor.

71. The Essex Policy's Declarations only specify Mega Construction's classification as carpentry – construction of residential not exceeding 3 stories.

72. Pursuant to the Classification Limitation, the Essex Policy does not apply to roofing or roofing-related operations.

73. Pursuant to the Classification Limitation, the Essex Policy does not apply to provide coverage for Mega Construction, Galarza, or any insured for any obligation to pay damages because of Mr. Ruiz's injuries and death.

74. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT IV
## DECLARATORY RELIEF
### Twenty Habitational Units Exclusion

75. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

76. The Essex Policy includes a Combination Construction Related Endorsement that, in relevant part, add the following Exclusion to Section **1**, item **2**, Exclusions:

> **1.** The coverage under this policy does not apply to "bodily injury" . . . or any injury, loss or damage:
>
> \* \* \*
>
> **(c)** Arising out of any apartment, townhome, condominium, dwelling, or other residential facility project or development where "your work" on the total project or development exceeds 20 habitational units, unless the insured was retained by the home and/or unit owner to perform contracting operations or services after it has been occupied for its intended purpose;
>
> \* \* \*

(the "Twenty Habitational Units Exclusion"), Ex. A at EIC000040.

77. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

78. The underlying lawsuit alleges that Mr. Ruiz sustained injuries and died while performing roofing activities at 12439 Cressida Loop, Lot 6 in the Dorsey Woods Subdivision.

79. The Dorsey Woods Subdivision included sixty lots, each with an associated residential home.

80. The Dorsey Woods Subdivision was a project or development where Mega Construction's and Galarza's work on the total project or development exceeded 20 habitational units.

81. The Twenty Habitational Units Exclusion precludes coverage for Mr. Ruiz's injuries and death.

82. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT V
## DECLARATORY RELIEF
### No Breach of Contract Coverage

83. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

84. The Essex Policy includes a Combination General Endorsement that, in relevant part, modifies the insurance provided as follows:

> **1.** This insurance does not apply to claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied - in fact contract.
>
> \*      \*      \*

(the "Breach of Contract Provision"), Ex. A at EIC000044.

85. The underlying lawsuit alleges Mega Construction and/or Galarza contractually assumed obligations, including to protect persons working on its projects from the risk of death, injury, or bodily harm; to comply with government and OSHA safety rules and regulations; to have and enforce a safety program; to enforce D.R. Horton, Inc. – Birmingham's safety program; and/or to conduct safety inspections.

86. The underlying lawsuit alleges that Mega Construction and/or Galarza breached actual, assumed, express, implied, implied-in-law, and/or implied-in fact contractual duties.

87. The underlying lawsuit alleges that Mega Construction and/or Galarza are liable because of their breach of contract.

88. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

89. The Breach of Contract Provision provides, in relevant part, that "bodily injury" coverage does not apply to claims arising out of breach of contract.

90. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT VI
## DECLARATORY RELIEF
### Contractual Liability Exclusion

91. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

92. The Essex Policy includes a Contractual Liability Exclusion that provides, in relevant part, as follows:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> \* \* \*
>
> **b. Contractual Liability**
>
> > "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. …
>
> \* \* \*

(the "Contractual Liability Exclusion"), Ex. A at EIC000017.

93. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death.

94. To the extent Mega Construction and/or Galarza are obligated to pay damages to Mr. Ruiz or any other person or entity by reason of Mega Construction's and/or Galarza's assumption of liability in a contract or agreement, the Contractual Liability Exclusion precludes coverage for such damages.

95. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT VII
## DECLARATORY RELIEF
### Workers' Compensation Exclusion

96. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

97. The Essex Policy includes a Workers' Compensation Exclusion that provides, in relevant part, as follows:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> \*   \*   \*
>
> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(the "Workers' Compensation Exclusion"), Ex. A at EIC000017.

98. The underlying lawsuit asserts claims against Mega Construction and Galarza under the Alabama Workers' Compensation Act.

99. The underlying lawsuit alleges Mega Construction and/or Galarza are legally obligated to pay damages because of Mr. Ruiz's injuries and death, including funeral expenses,

death benefits, penalties, sanctions, and costs for Mr. Ruiz bringing the action under the Alabama Worker's Compensation Act.

100. The Workers' Compensation Exclusion precludes coverage for any obligation of Mega Construction and/or Galarza under the Alabama Workers' Compensation Act, or any similar law.

101. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

## COUNT VIII
## DECLARATORY RELIEF
### No Coverage for Fines, Punitive, or Exemplary Damages

102. Evanston incorporates Paragraphs 1-20, as though fully restated and realleged herein.

103. The Essex Policy includes a Combination General Endorsement that, in relevant part, modifies the insurance provided as follows:

> **3.** Fines, penalties, and punitive or exemplary damages are not covered under this policy nor are any expenses or any obligations to share such damages or repay another. However, this does not apply to Punitive Damages from Wrongful Death brought under Alabama's Wrongful Death Statute.
>
> \*   \*   \*

(the "Punitive Damages Provision"), Ex. A at EIC000044.

104. The underlying lawsuit alleges that it is brought in part under the Alabama Wrongful Death Act.

105. The underlying lawsuit does not allege what specific relief is requested under the Alabama Wrongful Death Statute.

106. Count One of the Second Amended Complaint seeks an award of penalties and sanctions.

107. Counts Two through Eight of the Second Amended Complaint seek awards of punitive damages.

108. The underlying lawsuit does not allege whether the requests for punitive damages in Counts Two through Eight of the Second Amended Complaint are brought under Alabama's Wrongful Death Statute.

109. Pursuant to the Punitive Damages Provision, to the extent fines, penalties, punitive, or exemplary damages are awarded in the underlying lawsuit, no coverage exists for such damages, nor for any expenses or any obligation to share such damages or repay another, unless punitive damages from wrongful death are awarded pursuant to Alabama's Wrongful Death Statute.

110. Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit.

**PRAYER FOR RELIEF**

WHEREFORE Evanston prays that the Court enter judgment in its favor:

a. Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because of the Subcontractor's Employee Exclusion;

b. Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for any obligation to share damages with or repay someone else who must pay damages because of Mr. Ruiz' injuries and death because of the Subcontractor's Employee Exclusion;

c. Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because of the Employer's Liability Exclusion;

  d.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because, pursuant to the Classification Limitation, the Policy does not apply to roofing or roofing-related operations;

  e.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because of the Twenty Habitational Units Exclusion;

  f.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit or claims arising out of breach of contract because of the Breach of Contract Provision;

  g.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because of the Contractual Liability Exclusion;

  h.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for the underlying lawsuit because of the Workers' Compensation Exclusion;

  i.  Declaring the Essex Policy does not provide coverage to Mega Construction and Galarza for any fines, penalties, punitive or exemplary damages awarded in the underlying lawsuit or any obligation to share such damages or repay another, because of the Punitive Damages Provision, except for punitive damages from wrongful death under Alabama's Wrongful Death Statute;

  j.  Declaring that Evanston has no duty to defend or indemnify Mega Construction or Galarza against the underlying lawsuit; and

  k.  Granting Evanston such other and further relief as the Court deems just and appropriate.

Dated: February 21, 2019               Respectfully submitted,

                                        EVANSTON INSURANCE COMPANY

By:   **/s/ M. Andrew Donaldson, Esq.**
**M. ANDREW DONALDSON (DON024)**
**Holtsford, Gilliland, Higgins,**
**Hitson, & Howard P.C.**
Post Office Box 4128
Montgomery, Alabama 36103
(334) 215-8585
Adonaldson@hglawpc.com

-and-

**Cody S. Moon (*pro hac vice* pending)**
**Joel M. Graczyk (*pro hac vice* pending)**
**NICOLAIDES FINK THORPE**
**MICHAELIDES SULLIVAN LLP**
10 South Wacker Drive, 21st Floor
Chicago, IL 60606
Telephone: (312) 585-1400
cmoon@nicolaidesllp.com
jgraczyk@nicolaidesllp.com