# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, successor by merger to ESSEX INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MEGA CONSTRUCTION CO., INC., JESUS GALARZA, and JOSHUA P. MYRICK, as Administrator of the ESTATE OF FEDERICO RUIZ, deceased,<br><br>　　　　Defendants. | Case No. 1:19-cv-81-TFM-MU |
| JOSHUA P. MYRICK as PR of the ESTATE OF FEDERICO RUIZ, JR.,<br><br>　　　　Plaintiff-Garnishor,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, as successor by merger to ESSEX INS. CO.,<br><br>　　　　Defendant-Garnishee. | Case No. 1:19-cv-416-WS-MU |

### **EVANSTON INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER**

Plaintiff/Defendant-Garnishee Evanston Insurance Company, successor by merger to Essex Insurance Company ("Evanston"), moves this Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 7. Specifically, Evanston requests an order prohibiting discovery with respect to other claims, other policies, other policy periods, and other insureds, as well as relating to the issuance, processing, underwriting, approval, delivery, sale, or receipt of the Evanston Policy. Further, Evanston respectfully asks that the Court enter an

order requiring responses to Evanston's November 12, 2019 motion for summary for summary judgment be filed within 30 days, including any appropriate Rule 56(d) affidavit that complies with the mandates imposed by the Federal Rules of Civil Procedure, including as required by the Eleventh Circuit Court of Appeals. In support of its motion, Evanston states the following.

**I.   INTRODUCTION**

This declaratory judgment action is an insurance coverage dispute. The dispute relates to a request by Mega Construction Co., Inc. ("Mega Construction") and its owner, Jesus Galarza ("Mr. Galarza"), for defense and indemnity under a commercial general liability insurance policy Evanston issued to Mega Construction (the "Evanston Policy"). Specifically, Mega Construction and Mr. Galarza seek defense and indemnity with respect to a lawsuit filed by Joshua P. Myrick, as Administrator of the Estate of Federico Ruiz, deceased (the "Estate"). The Underlying Lawsuit alleged Mr. Ruiz suffered fatal injuries after falling from the roof of a new construction home where Mr. Ruiz was performing roofing activities. The Estate obtained a consent judgment against Mega Construction in the Underlying Lawsuit, but claims against other parties remain pending.

This declaratory judgment action asks the Court to declare that Evanston does not owe defense or indemnity obligations to Mega Construction or Mr. Galarza with respect to the Lawsuit. Evanston has a pending motion for summary judgment based on the Evanston Policy's Classification Limitation Endorsement, Subcontractor Employee Exclusion, and/or Employer's Liability Exclusion. At the Estate's request, the Court briefly suspended the deadline to respond to Evanston's motion. However, defendants did not file a proper request for discovery under Federal Rule of Civil Procedure 56(d) and they continue to pursue irrelevant and disproportionate discovery. Evanston seeks a protective order limiting discovery to that necessary to the claims or defenses at issue, as well as an order requiring responses to Evanston's summary judgment motion.

## II.     PROCEDURAL STATUS

As relevant to this motion, the Estate's discovery requests to Evanston include First Amended Request for Production of Documents (Exhibit A); First Amended Interrogatories (Exhibit B); and Notice of Taking 30(b)(5)&(6) Deposition Duces Tecum (Exhibit C). Evanston advised the Estate of its objections to each of those requests. (Exhibit D, Evanston Letter to Estate, Dec. 12, 2019.)[1] For purposes of this motion, Evanston categorizes the Estate's discovery requests as follows:

- <u>Underwriting and Issuance</u>: The following requests by the Estate seek documents and information pertaining to the underwriting, issuance, processing, approval, delivery, and receipt of the Evanston Policy.
    - Request for Production No. 6 (Ex. A ¶ 6).
    - Interrogatory Nos. 1, 2 (Ex. B ¶ 2).
    - Deposition Topic Nos. 4-6, 16, 21-24, 26 (Ex. C ¶¶ 4-6, 16, 21-24, 26).
- <u>Claim Handling</u>: The following requests by the Estate seek documents and information regarding Evanston's handling of Mega Construction and Mr. Galarza's claim for coverage for the Underlying Lawsuit under the Evanston Policy.
    - Request for Production Nos. 3, 6, 7 (Ex. A ¶¶ 3, 6, 7).
    - Interrogatory No. 3 (Ex. B ¶ 3).
    - Deposition Topic Nos. 8, 9, 13, 19, 25, 27 (Ex. C ¶¶ 8, 9, 13, 19, 25, 27).

---

[1] Pursuant to Federal Rule of Civil Procedure 26(c)(1), Evanston certifies that it conferred in good faith with counsel for the Estate in an effort to resolve this dispute prior to filing this motion. The Estate refused to withdraw its Requests for Production, Interrogatories, Notice of 30(b)(6) Deposition, and Expert Disclosure.

- <u>Other Claims</u>:  The following requests by the Estate seek documents and information regarding other claims under the Evanston Policy.
    - Request for Production Nos. 4-6 (Ex. A ¶¶ 4-6).
    - Interrogatory No. 6 (Ex. B, ¶ 6).
    - Deposition Topic Nos. 7, 10, 12, 14, 16-18 (Ex. C ¶¶ 7, 10, 12, 14, 16-18).
- <u>Claims Involving Other Insurance Policies, Policy Years, or Insureds</u>:  The following requests by the Estate seek documents and information regarding claims arising under insurance policies other than the Evanston Policy, arising in other policy years, or involving other insureds.
    - Request for Production Nos. 2, 4-6 (Ex. A ¶¶ 2, 4-6).
    - Interrogatory Nos. 4-6 (Ex. B ¶¶ 4-6).
    - Deposition Topic Nos. 1, 7, 10, 12, 14, 16-18 (Ex. C ¶¶ 1, 7, 10, 12, 14, 16-18).

In addition to objections to requests within those four categories, Evanston objects to the following deposition topics: Nos. 2, 3, 11, 20, 28.  (Ex. C ¶¶ 2, 3, 11, 20, 28.)

Further, the Estate has disclosed as an expert witness, Akos Swierkiewicz, purportedly to offer opinions regarding the "underwriting intent" of the Evanston Policy.  (Ex. E, Estate's Expert Disclosure.)

### III.     ARGUMENT

#### A.     Evanston Is Entitled To A Protective Order With Respect To The Estate's Discovery Requests

##### 1.     Legal Standard

Defendants are not entitled to broad, unfettered discovery into matters not relevant to any party's claim or defense.  In this regard, Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Under Rule 26(c)(1), however, "[a] district court may, for good cause, issue a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012).  A protective order may "forbid[] . . . disclosure or discovery," "forbid[] inquiry into certain matters," or "limit[] the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(A), (D).  This Court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).  The Eleventh Circuit has observed that a protective order can assist the parties and the court to "focus on *the actual claims and defenses involved in the action*," meaning "the court . . . has the authority to confine discovery to the claims and defenses asserted in the pleadings, and . . . the parties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  *Liese*, 701 F.3d at 355 (alterations in original; emphasis added) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment).

### 2. None Of The Estate's Discovery Requests Are Relevant To Any Party's Claims Or Defenses In This Insurance Coverage Action

The discovery requests fail to satisfy even the broad standard for relevance under the Federal Rules of Civil Procedure. Rule 26(b)(1) allows discovery into nonprivileged matters only if they are *relevant* to any party's claim or defense in the action. In this action, Evanston asks the Court to apply the language of the Evanston Policy—a contract—to undisputed underlying facts as a matter of law. There is no dispute regarding the allegations in the Underlying Lawsuit or the terms of the Evanston Policy (*see* Evanston's Summary Judgment Brief, ECF No. 43 at 2-5), and the Estate has not asserted any affirmative defenses contending that the Evanston Policy is ambiguous, nor addressing claim handling (*see* Estate Answer, ECF No. 15). As a result, no dispute exists in this case with respect to the underwriting or issuance of the Evanston Policy or with respect to Evanston's handling of Mega Construction and Mr. Galarza's claim for coverage. As the following discussion demonstrates, the Estate's document requests, interrogatories, and proposed deposition topics do not satisfy the relevance requirement.

#### a. The Underwriting And Issuance Of The Evanston Policy Is Not Relevant To Any Party's Claim Or Defense

Courts frequently hold that information regarding the underwriting, issuance, processing, approval, delivery, and receipt of an insurance policy is not relevant in a declaratory judgment action asking a court to apply an insurance policy's terms to undisputed underlying facts, particularly in the absence of any alleged ambiguity in the policy language, bad faith, or breach of duty. *See, e.g.*, *Diamond State Ins. Co. v. His House, Inc.*, No. 10-20039-CIV, 2011 WL 146837, at *4 (S.D. Fla. Jan. 18, 2011) (noting that when policy language is unambiguous "the Court will resolve the dispute about coverage based upon the plain language of [the] policies without resort to extrinsic evidence, including any interpretation by [the insurer's] corporate representative

regarding the language or terms of the policies"); *Century Surety Co. v. Lay*, No. 6:14-cv-14-Orl-41TBS, 2014 WL 12614497, at *4 (M.D. Fla. Oct. 2, 2014) ("[I]n non-bad faith case [underwriting files] are irrelevant to the determination of coverage, except where contract terms are ambiguous."); *Pa. Nat'l Mut. Cas. Ins. Co. v. Doscher's Dorchester Road, Inc.*, No. 2:11-656, 2012 WL 652638, at *2 (D.S.C. Feb. 28, 2012) (citing cases identifying "applications and underwriting materials and 'other materials regarding claims, coverage and the application for coverage'" among documents for which courts permit discovery as relevant only to "an allegation of ambiguity or other claims that were properly before the court").

Here, Evanston asks the Court to interpret the Evanston Policy as a matter of law and apply the Policy's language to undisputed underlying facts, as alleged in the Estate's Second Amended Complaint in the Underlying Lawsuit. Although application of the Evanston Policy requires interpretation of terms not defined in the Policy (*see, e.g.*, Evanston Summary Judgment Brief, EFC No. 43 at 9 (discussing usual and ordinary meaning of "framing" and "carpentry")), the act of interpreting the policy presents a question of law that falls squarely within the province of the Court. Alabama courts hold that "interpretation of an insurance contract presents a question of law." *State Farm Mut. Auto. Ins. Co. v. Harris*, 882 So. 2d 849, 852 (Ala. 2003) (citing *Holt v. State Farm Mut. Auto. Ins. Co.*, 507 So. 2d 388 (Ala. 1986)). "Where an insurance policy defines certain words or phrases, a court must defer to the definition provided by the policy." *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 692 (Ala. 2001) (citing *St. Paul Fire & Marine Ins. Co. v. Edge Mem'l Hosp.*, 584 So. 2d 1316 (Ala. 1991)). Moreover, "[a]n undefined word or phrase in an insurance policy *does not* create an inherent ambiguity." *Id.* (emphasis added). Rather, Alabama courts interpret undefined terms in an insurance contract as a matter of law like any other contract provision: "where questions arise as to the meaning of an undefined word or

phrase, the court should simply give the undefined word or phrase the same meaning that a person of ordinary intelligence would give it." *Id.* (citing *Carpet Installation Supplies of Glenco v. Alfa Mut. Ins. Co.*, 628 So. 2d 560 (Ala. 1993)) (interpreting as a matter of law meaning of "hired automobile" not defined in insurance policy); *accord Lambert v. Coregis Ins. Co., Inc.*, 950 So. 2d 1156, 1162-64 (Ala. 2006) (relying on dictionary definitions to interpret meaning of "occupying" not defined in insurance policy).

Applying these well-established contract interpretation rules, courts in the Southern District of Alabama give undefined terms their usual and ordinary meaning as matter of law—including under precisely the circumstances for which the Estate asserts a need for discovery here. In *Evanston Insurance Co. v. Lett*, No. 11-383-WS-C, 2012 WL 4927958 (S.D. Ala. Oct. 15, 2012), the court interpreted a Classification Limitation Endorsement nearly identical to the endorsement Evanston raises in its pending motion for summary judgment in this action. *Id.* at *2. The endorsement in *Lett* stated that "[t]he coverage provided by this policy applies only to those operations described under the 'description' and/or 'classification' on the declarations of the policy," and the relevant description on the declarations page was the phrase "Roofing–Residential." *Id.* The policy did not define "Roofing–Residential." *Id.* Like Alabama state courts, the district court thus looked to dictionary definitions to determine the usual and ordinary meaning of "Roofing–Residential" as a matter of law. *Id.* at *5. *See also Essex Ins. Co. v. Foley*, No. 10-511-WS-M, 2011 WL 1706214 (S.D. Ala. May 5, 2011) (looking to dictionary definitions to determine meaning of "marina" as a matter of law when interpreting Classification Limitation Endorsement).

Given this clear precedent, discovery with respect to the issuance and underwriting of the Evanston Policy is neither necessary nor appropriate. In this action, Evanston raises discrete

claims asking the Court to interpret the Evanston Policy—including any undefined terms—as a matter of law consistent with their usual and ordinary meaning. Because defendants have not specifically identified any potential ambiguity, the Court should conclude that discovery with respect to the issuance and underwriting of the Evanston Policy is not relevant to any party's claim or defense in this action.

> **b.    Evanston's Handling Of Mega Construction And Mr. Galarza's Claim For Coverage Under The Evanston Policy Is Not Relevant To Any Party's Claim Or Defense**

Similar to documents and information regarding issuance of and underwriting for an insurance policy, courts consistently hold that discovery with respect to an insurer's handling of a claim for coverage is not relevant in a coverage action absent a claim for bad faith. *See, e.g.*, *Chappell v. Colony Ins. Co.*, No. 2:16-cv-140-MHT-GMB, 2017 WL 4817990, at *3 (M.D. Ala. May 8, 2017) (explaining that "information relating to the investigation, handling, or analysis of an insurance claim" is not "relevant to a coverage dispute when there is no cause of action for bad faith").

Evanston asks the Court to determine coverage for the Lawsuit under the Evanston Policy. Documents and information regarding how Evanston investigated, handled, analyzed, and ultimately denied Mega Construction and Mr. Galarza's claim for coverage—long after the Evanston Policy was issued and after the accident—do not apply to this Court's interpretation of the Evanston Policy or its application to the undisputed underlying allegations and judgment. Consequently, this Court should further prohibit the Estate's interrogatories, requests for production, and deposition topics regarding Evanston's claim handling as not relevant.

        **c.**        **Other Claims Under The Evanston Policy And Claims Involving Other Insurance Policies, Other Policy Years, Or Other Insureds Are Not Relevant To Any Party's Claim Or Defense**

Combining the final two categories of requests, requests for documents and information regarding other claims under the Evanston Policy, as well as requests regarding claims involving other insurance policies, other policy years, and other insureds, are not relevant to any party's claim or defense in this coverage action.

In cases raising a discrete claim for coverage under a single policy, courts regularly hold that discovery with respect to other claims, other policies, other policy years, and other insureds is not relevant to any party's claim or defense. For example, *James River Ins. Co. v. ESC Consultants, Inc.*, No. SA-12-CA-934-FB, 2013 WL 12092114 (W.D. Tex. July 29, 2013), was an action by an insurer seeking a declaratory judgment that a bodily injury exclusion to a professional liability policy precluded any duty to defend its insured against a suit seeking damages for the insured's alleged negligent failure to ensure compliance with safety rules at a construction site, resulting in the death of a construction worker. *Id.* at *1. The *James River* court concluded that requests by the insured regarding the insurer's "insurance policies with other insureds, or claims made against those policies," were not relevant to any party's claim or defense. *Id.* at *12. Likewise, in *San Diego Unified Port District v. Underwriters at Lloyd's*, No. 150-cv-22-WQH-JLB, 2016 WL 4496824 (S.D. Cal. May 26, 2016), the court concluded that an insured's discovery requests "regarding any other coverage claims . . . reflected in . . . other insureds' claims files" were "tantamount to a fishing expedition for irrelevant coverage determinations and policy interpretations involving other insureds under other factual circumstances" and would not inform the court's policy interpretation. *Id.* at *1-2.

Other courts have reached similar conclusions. *See, e.g.*, *Penford Corp. v. Nat'l Union Fire Ins. Co. of Pitt., Pa.*, 265 F.R.D. 430, 433 (N.D. Iowa 2009) ("Whether another policyholder filed a claim or is entitled to recover under another insurance contract is not relevant to the question of whether Penford is entitled to recover under these insurance contracts."); *Moses v. State Farm Mut. Auto. Ins. Co.*, 104 F.R.D. 55, 57 (N.D. Ga. 1984) ("Defendant's conduct regarding the insurance claims of others is of no consequence to this case.").

This declaratory judgment actions involves a single claim, arising out of a discrete event, during a single policy year, under a policy issued to a particular insured. As a result, this action involves a claim for coverage under a single insurance policy—the Evanston Policy—and this Court can interpret that Policy's terms as a matter of law to apply them to undisputed underlying facts. Nothing about this claim implicates coverage under other policies issued to Mega Construction, policies issued to Mega Construction during other policy years, claims arising under other policies, other claims against Mega Construction under the Evanston Policy, or policies that Evanston issued to any other insureds. Because none of these other matters are relevant to Evanston's claims or defendants' defenses in this lawsuit, this Court should further preclude discovery with respect to the irrelevant other claims under the Evanston Policy and irrelevant claims under other policies, during other policies periods, or involving other insureds.

   **3. Discovery Requests Regarding Other Claims, Other Policies, Claims In Other Policy Years, And Other Insureds Are Not Proportional To The Needs Of This Action Implicating Coverage For A Single Underlying Lawsuit**

In addition to being irrelevant to any party's claim or defense, discovery requests with respect to other claims, other policies, claims in other policy years, and other insureds seek documents and information that are not "proportional to the needs of the case," as required by Rule

26(b)(1). "To determine whether [a] request is proportional to the needs of the case, the Court must consider 'the importance of the issue at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *GPI AL-N, Inc. v. Nissan N. Am., Inc.*, No. 17-0511-WS-MU, 2019 WL 2121710, at *2 (S.D. Ala. Feb. 15, 2019) (quoting Fed. R. Civ. P. 26(b)(1)). "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Lemons v. Principal Life Ins. Co.*, No. 2:18-CV-1040-CLM, 2019 WL 5075697, at *1 (N.D. Ala. July 9, 2019) (quoting *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. Apr. 5, 2016)), *report and recommendation adopted*, 2019 WL 5076551, at *1 (N.D. Ala. Aug. 19, 2019).

There is limited case law addressing whether discovery requests for documents and information pertaining to other claims, other policies, claims in other policy years, and other insureds impose a disproportionate burden on insurers. However, at least one court has determined that such requests are not only irrelevant but also disproportionate to the needs of an insurance coverage declaratory judgment action. *See, e.g.*, *San Diego Unified Port Dist.*, 2016 WL 4496824, at *2 ("Further, even if the Port's discovery requests were relevant, the Court concludes that Underwriters have met their burden to show that the requests are overbroad and impose an undue burden that is disproportionate to the speculative benefit of responsive discovery."). Likewise, courts holding that such requests might be relevant under a particular case's circumstances—a conclusion that Evanston does not concede here, as discussed above—have also concluded that discovery with respect to those matters would nonetheless be disproportionate and unduly

12

burdensome. *See, e.g.*, *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, No. 88-9752, 1991 WL 183842, at *4 (E.D. Pa. Sept. 16, 1991) ("[T]he information sought by the policyholders regarding the files of other claims asserted against Cravens by Republic or any other insurance company is not discoverable because although it may be considered remotely relevant, its production would be unduly burdensome and disproportionate to this litigation."); *Leski, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) ("To compel the production of the files of other insureds not only involves enormous inconvenience and management difficulties, but also entails a frightening potential for spawning unbearable side litigation which . . . defeats the purpose and spirit of the discovery rules themselves.").

Starting from "the actual claims and defenses" in this case, *Lemons*, 2019 WL 5075697, at *1, it becomes clear that the requests pertaining to other claims, other policies, other policy periods, and other insureds impose a disproportionate burden on Evanston that far exceeds the needs of this case. Evanston's declaratory judgment action asks the Court to apply the plain terms of a single Evanston Policy as a matter of law to undisputed underlying facts arising from a discrete incident giving rise to a single claim. Even if those requests sought relevant information—which they do not—they seek a potential quantity of information that exceeds the parties' needs in this case. Accordingly, the Court should enter a protective order prohibiting any requests for information pertaining to other claims, other policies, other policy years, and other insureds on this additional basis.

### B.     The Estate Has Not Made The Showing Required By Rule 56(d)

Evanston further notes that Defendants bear the burden of articulating reasons that discovery in this matter is necessary before they are required to respond to Evanston's motion for summary judgment. Evanston filed its motion for summary judgment in this action on November

12, 2019. (ECF No. 42.) On December 6, 2019, the Estate filed a motion for additional time to respond, which motion included non-specific statements that the Estate needs discovery. (ECF No. 49 ¶ 8.) However, the Estate's motion and accompanying affidavit do not comply with Rule 56(d) or satisfy the requirements necessary to obtain relief from the response requirement.

Rule 56 of the Federal Rules of Civil Procedure provides a mechanism for a party to request discovery before being required to otherwise respond to a motion for summary judgment. Specifically, Rule 56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may" either "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or take discovery," or "issue any other appropriate order."

When evaluating the propriety of a Rule 56(d) affidavit, the Eleventh Circuit holds that "[t]o invoke this Rule, a party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019) (quoting *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989)).

Here, the Estate articulates only "vague assertions" about its need for discovery. Moreover, no defendant specifically demonstrates how discovery may enable defendants to rebut Evanston's showing of the absence of a genuine issue of material fact. Evanston respectfully requests the Court enter an order requiring all responses to Evanston's November 12, 2019 motion for summary judgment be filed within 30 days, including any appropriate Rule 56(d) affidavit complying with the requirements of the Eleventh Circuit Court of Appeals.

IV.   **CONCLUSION**

For the reasons stated, Evanston respectfully requests that the Court enter an order:

(1)   Prohibiting discovery relating to the issuance, processing, underwriting, approval, delivery, sale, or receipt of the Evanston Policy;

(2)   Prohibiting discovery with respect to claims, policies, policy periods, and insureds other than Mega Construction and Jesus Galarza's claim for indemnity under Evanston CGL Policy No. 3DJ9678, effective October 26, 2012 to October 26, 2013, and relating to the Estate's Lawsuit, pending in the Circuit Court of Baldwin County, Alabama, Case No. 2015-901191;

(3)   Striking the Estate's Rule 26(a)(2) disclosure of a witness to opine regarding Evanston's underwriting and/or underwriting intent;

(4)   Striking the Estate's 30(b)(6) deposition topics;

(5)   Giving defendants 30 days to file a response to Evanston's November 12, 2019 motion for summary judgment (ECF No. 43), including any Rule 56(d) affidavit that complies with the Federal Rules and applicable law; and

(6)   Granting such other relief as the Court deems just and proper.

Dated: January 24, 2020                    Respectfully submitted,

                                           EVANSTON INSURANCE COMPANY

                                    By:   /s/ Cody S. Moon
                                          One of its Attorneys

                                          M. Andrew Donaldson (DON024)
                                          HOLTSFORD, GILLILAND, HIGGINS,
                                          HITSON, & HOWARD P.C.
                                          Post Office Box 4128
                                          Montgomery, AL 36103
                                          Telephone: (334) 215-8585

Adonaldson@hglawpc.com

-and-

Cody S. Moon (admitted *pro hac vice*)
Joel M. Graczyk (admitted *pro hac vice*)
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, 21st Floor
Chicago, IL 60606
Telephone: (312) 585-1400
cmoon@nicolaidesllp.com
jgraczyk@nicolaidesllp.com