# EXHIBIT D



10 South Wacker Drive, Suite 2100, Chicago, IL 60606

Cody S. Moon
(312) 585-1430
cmoon@nicolaidesllp.com

December 12, 2019

**VIA E-Mail (jamorris@mcatlaw.com)**
Joseph A. Morris
Morris, Cary, Andrews,
Talmadge & Driggers, LLC
3334 Ross Clark Circle
Dothan, AL 36303

      **RE:    Evanston Ins. Co. v. Mega Construction Co., et al., No. 19-cv-81 (S.D. Ala.)**

Dear Mr. Morris:

      This letter is sent pursuant to the Federal Rules of Civil Procedure and Local Rules of the Southern District of Alabama, including FRCP 37.

      As we discussed during the meet and confer teleconference on December 5th, Evanston Insurance Company ("Evanston") objects to Joshua P. Myrick's, as Administrator of the Estate of Federico Ruiz (the "Estate"), Notice of Taking 30(b)(5) & (6) Deposition (the "Notice"), as well as the Estate's amended interrogatories and amended requests for production.  Additionally, Evanston objects to all current and any future discovery with respect to underwriting issues, including but not limited to as relates to the Estate's Rule 26(a)(2) witness, Akos Swierkiewicz.

      Prior to discussing a date, time, and location for Evanston's 30(b)(6) deposition, Evanston requests the Estate amend and clarify the currently specified "Scope of the Examination and Identification of Materials and Documents to be Produced."  As we discussed, Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  The Estate's proposed deposition Topics and requested documents exceed the permissible scope of Rule 26(b)(1)'s relevance and proportionality requirements.

      In the underlying lawsuit, the Estate asserted various claims against Mega Construction, Jesus Galarza, and other defendants.  The Estate obtained a consent judgment against Mega Construction on one count of the Estate's complaint, but the Estate's claim remains pending as to certain other defendants, including Jesus Galarza.  This declaratory judgment action asks the Southern District of Alabama to determine whether the Evanston Policy provides any coverage for Mega Construction or Jesus Galarza with respect to the underlying lawsuit.  In that regard, Evanston asks the Court to declare that no coverage exists for Mega Construction or Jesus Galarza based on certain limitations on the scope of coverage and exclusions to coverage.

Joseph A. Morris
December 12, 2019
Page 2

 As the Estate is aware, no dispute exists in this case with respect to the issuance, underwriting, processing, approval, delivery, or receipt of the Evanston Policy, as those six terms are used in the Notice. As a result, information regarding underwriting or the other identified terms, as well as information regarding Evanston's investigation, claim handling, analysis, and denial of insurance coverage are not relevant to any claim against or defense asserted by the Estate in this action. *See, e.g.*, *Chappell v. Colony Ins. Co.*, No. 2:16-cv-140-MHT-GMB, 2017 WL 4817990, at *3 (M.D. Ala. May 8, 2017). To interpret the subject Evanston Policy, the Court will construe the policy language according to the meaning that a person of ordinary intelligence would reasonably give it. How the provisions and exclusions in the Evanston Policy apply to the allegations and judgment in the underlying lawsuit will not be affected by the underwriting, issuance, processing, approval, delivery, sale, or receipt of the Evanston Policy. As such, that information is not relevant to this action and is beyond the scope of permissible discovery.

 Furthermore, the Notice's 28 proposed Topics for testimony and document production are disproportionately broad, seeking information about other insurance policies, other claims, and matters arising in other policy years that are entirely unrelated to coverage for the Estate's claim against Mega Construction and Mr. Galarza arising from Federico Ruiz's fall on September 29, 2013 and his fatal injuries sustained therein. As currently identified, the requested Scope of Examination and Identification of Materials and Documents to be Produced are neither relevant to any party's claim or defense nor proportional to the needs of this case, and are overly broad, vague, and ambiguous.

 Additionally, Evanston objects to the extent the Estate seeks information from Evanston relating to investigation and evaluation of Mega Construction and/or Mr. Galarza's liability or the claimed damages. Such information is not relevant to this insurance coverage DJ action. Also, the Estate's lawsuit against Mr. Galarza remains pending. Thus, any such discovery may be highly prejudicial to Mr. Galarza as well as violate privileges that exist between an insurance company and its insured.

 Moreover, with respect to each of the 28 Topics set forth in the Notice, Evanston raises the following objections:

Topic No. 1: Testimony and documents evidencing or relating to the any and all entities that insured Mega and/or Jesus Galarza.

This Topic is overly broad and not properly limited in time or scope. To the extent the Topic seeks information regarding entities that insured Mega Construction or Mr. Galarza for periods of time other than September 29, 2013, the request is improper. Similarly, to the extent the Topic seeks information regarding policies of insurance other than policies that potentially provide coverage to Mega Construction or Mr. Galarza for third party bodily injury coverage, the request is improper. Further, testimony and documents relating to any and all entities that insured Mega Construction or Mr. Galarza are not relevant to interpretation of the Evanston Policy at issue in this litigation.

Joseph A. Morris
December 12, 2019
Page 3

Topic No. 2:    Testimony and documents relating to an organizational chart of the Plaintiff

This Topic is overly broad, unduly vague, and not properly limited in time or scope.  Even if limited to the time at issue in this litigation, the organization chart of the Plaintiff is not relevant to the interpretation of the Evanston Policy at issue in this litigation.

Topic No. 3:    General background of the designated corporate representative, including his/her education, training and experience, job title, and duties with the company

This Topic is overly broad, unduly vague, and not properly limited in scope.  Further, the general background of Plaintiff's designated corporate representative—including education, training, experience, job title, and duties with Evanston—is not relevant to interpretation of the Evanston Policy at issue in this litigation.

Topic No. 4:    Testimony and documents relating to the identification of the persons participating in the issuance, underwriting, processing or approval of the policy of insurance issued to Mega Construction that is the subject matter of this lawsuit

This Topic unduly vague.  To the extent this Topic solely seeks the identity of persons, the persons participating in the issuance, underwriting, processing, or approval of the subject Evanston Policy, it is not relevant to interpretation of the Evanston Policy at issue in this litigation.

Topic No. 5:    Testimony and documents relating to the identification of the persons participating in the issuance, underwriting, processing or approval of any policy of insurance issued to Defendant Mega Construction and/or Defendant Jesus Galarza.

This Topic unduly vague.  To the extent this Topic solely seeks the identity of persons, the persons participating in the issuance, underwriting, processing, or approval of any policy of insurance issued to Mega Construction and/or Jesus Galarza, it is not relevant to interpretation of the Evanston Policy at issue in this litigation.  To the extent the Topic seeks information regarding the identification of persons participating in the issuance, underwriting, processing or approval of policies of insurance other than the subject Evanston Policy, the request is improper, not relevant, and not proportional to the needs and issues in this case.

Topic No. 6:    Testimony and documents pertaining to the agent that sold the policy to Mega Construction

To the extent this Topic solely seeks information pertaining to the agent that sold the subject Evanston Policy, it is not relevant to interpretation of the Evanston Policy at issue in this litigation.  To the extent the Topic seeks information regarding the agent that sold any other policy, the request is improper, not relevant, and not proportional to the needs and issues in this case.

Joseph A. Morris
December 12, 2019
Page 4

Topic No. 7:   Testimony and documents relating to the identification of all individuals
                   having knowledge or information concerning the claims presented against
                   Mega Construction, et al by the Estate of Federico Ruiz since 2012

This Topic is overly broad and unduly vague.  The identities of individuals having knowledge or
information concerning claims presented against Mega Construction by the Estate since 2012 are
not relevant to the interpretation of the Evanston Policy.  Evanston objects to this Topic to the
extent it seeks testimony and documents not relevant and disproportionate to the interpretation of
the subject Evanston Policy, which is the sole subject of this litigation.

Topic No. 8:   Testimony and documents relating to the denial of coverage by Plaintiff for
                   the claims presented against Mega Construction, et al by the Estate of
                   Federico Ruiz, including any and all inspections, examinations, interviews,
                   or investigations into the facts and claims

This Topic is overly broad, unduly vague, and ambiguous.  Further, testimony and documents
relating to inspections, examinations, interviews, or investigations into the facts and the Estate's
claims are protected from discovery by the attorney client privilege, work product immunity,
insurer insured common interest doctrine, and they are not relevant to the interpretation of the
subject Evanston Policy.  As indicated above, the Estate still has pending claims against Jesus
Galarza and others in the underlying lawsuit.  The Estate's requests directed to Evanston are not
proportionate to the needs of this case and are prejudicial.

Topic No. 9:   Testimony and documents evidencing or relating to the identification of
                   each and every person, firm, partnership, association or corporation
                   contacted or consulted about this litigation, the issues therein, the facts or
                   law in connection with the wrongful death claim of the Estate of Federico
                   Ruiz or the facts or law in connection with any defense to those claims.  This
                   inquiry would specifically exclude privileged attorney/client
                   communications.

This Topic is overly broad, unduly vague, and ambiguous.  Further, notwithstanding the Estate's
limitation of this Topic to "specifically exclude privileged attorney/client communications,"
Evanston objects to this Topic to the extent it seeks testimony and documents protected by the
work product immunity and other privilege doctrines, including the insurer insured common
interest doctrine.  To the extent this Topic solely seeks the identity of persons, firms, partnerships,
associations or corporations contacted or consulted regarding the identified subjects, it is not
relevant to interpretation of the Evanston Policy at issue in this litigation.  The Topic seeks
information that is improper, not relevant, and not proportional to the needs and issues in this case.

Topic No. 10:   Testimony and documents relating to all facts upon which the Plaintiff relies
                   in support of its denial of coverage raised in this matter and other claims
                   since 2012.

This Topic is overly broad, unduly vague, and ambiguous.  Information regarding any claim other
than the claim asserted by the Estate against Mega Construction and Jesus Galarza in the

Joseph A. Morris
December 12, 2019
Page 5

underlying lawsuit is not relevant or proportional to the needs and issues in this case.  Evanston objects to this Topic to the extent it seeks testimony and documents disproportionate to the single claim at issue in this case.

Topic No. 11:  Testimony and documents relating to efforts made to determine all matters known or reasonably available to the Plaintiff with respect to all subject areas designated in this notice.

This Topic is unduly vague and ambiguous.  This Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).  Moreover, this Topic is improper to the extent it attempts to invade the attorney client privilege and work product immunity.  The Federal Rules of Civil Procedure provide requirements for parties to litigation and this Topic improperly implies and pre-emptively assumes noncompliance by Evanston.  The Estate is not entitled to inquire into the means and methods of Evanston and its attorneys but, rather, a corporate representative deposition is limited to the scope of discovery permitted by Rule 26(b)(1).

Topic No. 12:  Testimony and documents relating to the history of previous lawsuits involving personal injury claims or wrongful death claims against Mega Construction and/or Jesus Galarza since 2012.

This Topic is overly broad and unduly vague.  Information concerning previous lawsuits involving personal injury or wrongful death claims against Mega Construction and/or Jesus Galarza since 2012 are not relevant to whether any coverage exists for the Estate's claims against Jesus Galarza or its judgment against Mega Construction.  Evanston objects to this Topic to the extent it seeks testimony and documents not relevant and disproportionate to the interpretation of the subject Evanston Policy, which is the sole subject of this litigation.

Topic No. 13:  Testimony and documents relating to any and all files, materials, or communications concerning or relating to the accident on September 29, 2013 involving Federico Ruiz.

This Topic is improper to the extent it seeks to invade the attorney client privilege, work product immunity, or any other privilege including the insurer insured common interest doctrine.  Moreover, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).  Evanston objects to this Topic to the extent it seeks testimony and documents disproportionate to the sole subject of this litigation, which is the interpretation of the subject Evanston Policy.

Topic No. 14:  Testimony and documents relating to any and all files materials, or communications concerning or related to all policies of insurance issued to Mega Construction.

This Topic is overly broad, unduly vague, and ambiguous.  This Topic is improper to the extent it seeks to invade the attorney client privilege, work product immunity, or any other privilege including the insurer insured common interest doctrine.  Moreover, this Topic fails to "describe

Joseph A. Morris
December 12, 2019
Page 6

with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). Information concerning policies of insurance other than the subject Evanston Policy are not relevant to whether the subject Evanston Policy provides coverage for the Estate's claims against Jesus Galarza or its judgment against Mega Construction. Evanston objects to this Topic to the extent it seeks testimony and documents disproportionate to the subject of this litigation.

Topic No. 15: Testimony and documents related in the denial of the claim for liability
          coverage for the accident on September 29, 2013 involving Federico Ruiz.

Evanston objects to this Topic as duplicative of Topic Nos. 8 and 10, and for the same reasons set forth in response to those topics. Further, this Topic is unduly vague, ambiguous, and fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).

Topic No. 16: Testimony and documents relating to Evanston/Essex policy number
          3DJ9678.

This Topic is overly broad, unduly vague, and ambiguous. This Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). Evanston objects to this Topic to the extent it seeks testimony and documents that are neither relevant nor proportionate to the single claim at issue in this case.

Topic No. 17: Testimony and documents relating to coverages provided to Mega
          Construction and/or Jesus Galarza under Evanston/Essex policy number
          3DJ9678.

This Topic is overly broad, unduly vague, and ambiguous. This Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). Evanston objects to this Topic to the extent it seeks testimony and documents that are neither relevant nor proportionate to the single claim at issue in this case.

Topic No. 18: Testimony and documents relating to any and all contracts or agreements
          between Mega Construction and Evanston, its agents or employees.

This Topic is overly broad, unduly vague, and ambiguous. This Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). Evanston objects to this Topic to the extent it seeks testimony and documents that are neither relevant nor proportionate to the single claim at issue in this case. Evanston further objects to the extent this Topic seeks information regarding any contract or agreement, including any insurance policy, other than the subject Evanston Policy.

Joseph A. Morris
December 12, 2019
Page 7

Topic No. 19: Testimony and documents relating to any investigation of the accident
conducted by, or at the direction of, Evanston, its agents or employees.

This Topic is unduly vague and ambiguous.  Evanston objects to this Topic as duplicative of
multiple other Topics, including Topic Nos. 8, 10, and 13, and Evanston objects for the same
reasons set forth in response to those Topics.  Further, this Topic fails to "describe with reasonable
particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).
Evanston also objects that any investigation of the accident conducted by, or at the direction of,
Evanston, its agents, or its employees is not relevant to the interpretation of the subject Evanston
Policy.

Topic No. 20: Testimony and documents of all things request of and/or produced by
Evanston in response to discovery request of the parties herein.

This Topic is unduly vague and ambiguous.  Further, this Topic fails to "describe with reasonable
particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).

Topic No. 21: Testimony and documents relating to the issuance of Evanston/Essex policy
number 3DJ9678.

This Topic is unduly vague and ambiguous.  Evanston objects to this Topic as duplicative of
multiple other Topics, including Topic Nos. 16 and 17, and Evanston objects for the same reasons
set forth in response to those Topics.  Further, this Topic fails to "describe with reasonable
particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).

Topic No. 22: Testimony and documents relating to the delivery of Evanston/Essex policy
number 3DJ9678 or any other Evanston/Essex polices of insurance to Mega
Construction and/or Jesus Glaraza.

This Topic is unduly vague and ambiguous.  Evanston objects to this Topic as duplicative of
multiple other Topics, including Topic Nos. 16 and 17, and Evanston objects for the same reasons
set forth in response to those Topics.  Further, this Topic fails to "describe with reasonable
particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).

Topic No. 23: Testimony and documents relating to the receipt of Evanston/Essex policy
number 3DJ9678.

This Topic is unduly vague and ambiguous.  Evanston objects to this Topic as duplicative of
multiple other Topics, including Topic Nos. 16 and 17, and Evanston objects for the same reasons
set forth in response to those Topics.  Further, this Topic fails to "describe with reasonable
particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).

Topic No. 24: Testimony and documents relating to the policies and procedures of
Evanston/Essex concerning the issuance and delivery of insurance policies.

This Topic is unduly vague and ambiguous.  Evanston objects to this Topic as duplicative of
multiple other Topics, including Topic Nos. 16 and 17, and Evanston objects for the same reasons

Joseph A. Morris
December 12, 2019
Page 8

set forth in response to those Topics.  Further, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). Furthermore, this Topic's requests for policies and procedures is not relevant or proportionate to the needs of this litigation.

Topic No. 25:  Testimony and documents relating to the claim of Mega Construction and/or Jesus Galarza for insurance coverage relating to the accident on September 29, 2013 involving Federico Ruiz.

This Topic is ambiguous and overly broad.  Further, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6). This Topic is improper to the extent it seeks information protected from disclosure by any applicable privilege, including the insurer insured common interest doctrine.

Topic No. 26:  Testimony and documents relating to Evanston's underwriting guidelines.

Further, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).  This Topic is overly broad and seeks information that is not relevant or proportional to the needs of this litigation.  No issue exists in this case regarding the underwriting of the subject Evanston Policy.

Topic No. 27:  Testimony and documents relating to Evanston's claims handling guidelines.

Further, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).  This Topic is overly broad and seeks information that is not relevant or proportional to the needs of this litigation.  No issue exists in this case regarding claims handling with respect to the Estate's lawsuit against Mega Construction and Jesus Galarza.

Topic No. 28:  Testimony and documents relating the compliance with the insurance regulations and laws of the State of Alabama, including all state licensing and privilege rules and requirements.

This Topic is overly broad, unduly vague, and ambiguous.  Further, this Topic fails to "describe with reasonable particularity the matters for examination," as required by Federal Rule of Civil Procedure 30(b)(6).  Evanston also objects that testimony and documents relating to compliance with Alabama's insurance regulations and laws, including all state licensing and privilege rules and requirements, are not relevant or proportional to the needs of this litigation, which concern the interpretation of the subject Evanston Policy.

Joseph A. Morris
December 12, 2019
Page 9

       As previously advised, Evanston requests the Estate withdraw and revise the Rule 30(b)(6) Notice. To the extent the Estate issues an amended Rule 30(b)(6) Notice, Evanston will evaluate the request and respond as appropriate.

Very truly yours,

Cody S. Moon

cc:     Brian Mosholder, *via email* bmosholder@carpenterfirm.com
        Joel M. Graczyk, *via email* jgraczyk@nicolaidesllp.com
        M. Andrew Donaldson, *via email* adonaldson@hglawpc.com