IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, Successor by merger to ESSEX INSURANCE COMPANY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:19-cv-81-TFM-MU |
| MEGA CONSTRUCTION CO., INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOSHUA P. MYRICK as PR of the ESTATE OF FEDERICO RUIZ, JR., | ) ) ) | |
| Plaintiff-Garnishor, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:19-cv-416-TFM-MU |
| EVANTSTON INSURANCE COMPANY, Successor by merger to ESSEX INSURANCE COMPANY | ) ) ) ) | |
| Defendant-Garnishee. | ) | |

**ORDER**

Pending before the Court is *Joshua P. Myrick, as PR of the Estate of Federico Ruiz, Jr.'s Motion for Extension of the Summary Judgment Response Deadline* (Doc. 71, filed 5/5/20) as well as *Evanston Insurance Company's Response in Opposition to the Estate's Motion for Extension of the Summary Judgment Deadline* (Doc. 72, filed 5/6/20). To discuss the Court's determination, a brief history of the case is appropriate.

The first case, Civ. Act. No. 1:19-cv-81 (hereinafter "Case 1"), was initiated on February 22, 2019. *See* Doc. 1. Originally, the only defendants were Mega Construction Co., Inc., Jesus

Galarza, and Joshua P. Myrick, as the Administrator of the Estate of Federico Ruiz. On June 6, 2019, the Rule 16(b) Scheduling Order was issued by the Court wherein initially discovery was to be completed by November 11, 2019 and dispositive motions were due by November 25, 2019. *See* Doc. 35 at §§ 3, 12.

Shortly thereafter, on July 23, 2019, Evanston (Plaintiff in Case 1) removed a second case involving similar parties – Joshua P. Myrick, a PR of the Estate of Federico Ruiz, Jr. as the Plaintiff and Evanston Insurance Company as the Defendant. *See* Doc. 1, Civ. Act. No. 1:19-cv-416 (hereinafter "Case 2"). Case 2 was a garnishment proceeding filed by Myrick against Evanston after entry of a consent judgment in an underlying action. Evanston removed the garnishment action on the basis of diversity jurisdiction. *Id*. After the Court resolved the jurisdiction question by Order denying the motion to remand, the Court issued an order for the parties to conduct a Rule 26(f) conference and file their report. Instead of filing the report, the Evanston filed a report that indicated it intended to file a motion to consolidate Case 2 with Case 1.

On October 16, 2019, Evanston filed its Motion to Consolidate in both Case 1 and Case 2. *See* Doc. 37, Case 1; Doc. 20, Case 2. As the judge assigned to Case 1, a show cause order was issued by the undersigned indicating a response was due by November 6, 2019 and the reply due by November 13, 2019. No response was filed in either Case 1 or Case 2, and a reply brief was filed on November 11, 2019 noting the lack of opposition to the motion to consolidate. *See* Doc. 41, Case 1; Doc. 22, Case 2. However, just before that on November 5, 2019, in Case 1, the parties filed a Joint Motion to Amend the Scheduling Order (Doc. 40). Then on November 12, 2012, despite the pending motion to consolidate, Evanston filed a motion for summary judgment in Case 1. *See* Docs. 42, 43, 44. On November 25, 2019, the Court granted the

Motion to Amend, except that it also stated a formal order resetting deadlines would be issued at a later date. *See* Doc. 46, Case 1.

On December 2, 2019, the Court granted the motion to consolidate Case 1 and Case 2. *See* Doc. 47.  Despite the consolidation being at Evanston's request and with the remaining parties agreement, this is the point where the case organization begins to come unglued as they clearly had different ideas of what would happen post-consolidation.  In their joint status report on December 13, 2019, Evanston indicated that consolidation should not impact the summary judgment or briefing schedule.  *See* Doc. 52 at 2-3.  The Estate opposed Evanston's proposed briefing schedule on summary judgment because it indicated that to fully respond to the motion, it needed resolution to pending discovery issues.  *Id*. at 3.  On January 7, 2020, the assigned Magistrate Judge entered an amended scheduling order for the consolidated case.  *See* Doc. 53.

Within a week, the Estate filed a motion to compel.  *See* Doc. 54.  As the issue of the briefing schedule and the issues within the motion to compel appeared related to the undersigned, the Court referred the issue of summary judgment briefing to the Magistrate Judge to be handled jointly.  *See* Doc. 55.  Evanston then filed its motion for protective order.  *See* Doc. 57.  After extensive briefing on both discovery motions, the Magistrate Judge issued his order on granting in part and denying in part the motion to compel and denying the motion for protective order as moot.  *See* Doc. 63.

In a detailed ruling issued on March 18, 2020, the Magistrate Judge determined that "[t]o disallow discovery concerning [the policy terms] would be to predetermine that there is no ambiguity to the insurance contract" and "[s]uch a finding is premature at this stage of the proceedings." *Id.* at 5.  The Magistrate Judge ultimately granted discovery as to information or documents related to the subject policy and/or the accident involving Ruiz as to certain terms.

*Id*. at 7.  It also granted as to information or documents concerning other claims made under the subject policy that are similar to the one presented here.  *Id*. at 7-8.

Finally, after those discovery issues seemed resolved, on April 20, 2020, the Magistrate Judge issued a revised briefing schedule that the response to the Motion for Summary Judgment would now be due on or before May 11, 2020.  *See* Doc. 66.  On May 5, 2020, the Estate filed another motion for extension on the summary judgment response deadline stating that it was reviewing the approximately 3000 pages of documents produced by Evanston in response to the discovery requests along with a privilege log noting documents that may be responsive, but Plaintiff considers privileged.  Further, the 30(b)(6) deposition of Evanston has not yet occurred.  In support of the extension request, the Estate attaches an affidavit pursuant to Fed. R. Civ. P. 56(d).  The Estate seeks an extension until July 24, 2020.  *See* Doc. 71.

On May 6, 2020, Evanston filed its response in opposition.  *See* Doc. 72.  Evanston argues that the Estate's affidavit pursuant to Fed. R. Civ. P. 56(d) is insufficient and only relies upon vague assertions about additional discovery.  *Id*. at 2-3 (quoting *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3de 1274, 1287 (11th Cir. 2019)).  It further asserts that the Estate may continue to pursue discovery, but "the existance of this period to conduct discovery in no way relieves the Estate of its responsibility to respond, if it so chooses, to Evanston's properly filed summary judgment motion."  *Id*. at 4.

On May 7, 2020, the Estate filed its reply regarding the extension request.  *See* Doc. 74.  It also filed a Motion to Enforce the Court's Order of March 17, 2020 arguing that Evanston continues to fail in complying with the prior order to designate a corporate representative for a deposition pursuant to Rule 30(b)(6) and scheduling the deposition date.  *See* Doc. 73.  That motion remains pending before the Magistrate Judge.    In the reply on the extension request, the

Estate emphasizes the ongoing discovery disputes including the failure of Evanston to provide a 30(b)(6) corporate representative for deposition. It also asserts that the affidavit is sufficient to satisfy Rule 56(d), but emphasizes that the more detailed reasons were indicated in the prior motion to compel. Doc. 74 at 2-3.

With this backdrop in mind, the Court now considers the pending Motion for Extension as well as the Motion for Summary Judgment. Moreover, the Court has discretion to grant or deny a Rule 56(d) motion. *Smedley v. Deutsche Bank Trust Co. Ams.*, 676 F. App'x 860, 862 (11th Cir. 2017). Parties seeking the relief offered by Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts," but "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). In general, however, courts should not grant summary judgment until the nonmovant can conduct discovery. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *see also City of Miami Gardens*, 931 F.3d at 1286 (noting that summary judgment may be granted after party opposing summary judgment "has had an adequate opportunity for discovery").

While the Court agrees that the affidavit filed with the motion for extension could be more specific in nature, the Court also need not consider the request in a vacuum nor set aside its own common sense. The Estate's argument on incomplete discovery is well taken especially when considered with the substantial briefing on the motion to compel / motion for protective order. The discovery deadline for the consolidated case is still several months away. Evanston

moved for summary judgment in Case 1 fully knowing that it sought to consolidate Case 1 and Case 2 which would change the landscape of the case. Moreover, it also became clear with the motion to compel and the Magistrate Judge's ruling on such, that the discovery is relevant to the issues at hand and necessary for the Estate to adequately oppose summary judgment.

In sum, the prejudice to The Estate may be significant while Evanston has not shown how it would be prejudiced beyond the inconvenience of refiling after the ordered discovery has concluded. Under Rule 56(d), "the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *City of Miami Gardens*, 931 F.3d at 1287. In this case, the Court concludes that the most appropriate course of action is to deny the motion for summary judgment with leave to refile after the ordered is concluded. This allows for <u>all</u> parties to utilize the discovery when filing or opposing summary judgment.

Accordingly, it is **ORDERED** that the Motion for Summary Judgment (Doc. 42, filed 11/12/19) is **DENIED without prejudice and with leave to refile** and the Motion for Extension of Time (Doc. 71) is **GRANTED** as to relief under Fed. R. Civ. P. 56(d), but otherwise **DENIED as moot**.

**DONE** and **ORDERED** this 8th day of May, 2020.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE